UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JAN - 2 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

**COLUMBIA GAS TRANSMISSION, LLC,**

    **Plaintiff and
Counter Defendants,**

v.                                                   **CIVIL ACTION NO: 2:12cv172**

**AARON OTT,**

    **Defendant and
Counterclaimant.**

**MEMORANDUM ORDER**

This matter comes before the court on the Motion to Dismiss the Amended Counterclaim for Failure to State a Claim ("Motion to Dismiss"), filed by Columbia Gas Transmission, LLC ("Columbia"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15.) Columbia's Motion to Dismiss is ripe for review, and, for the reasons below, it is **DENIED**.

### I. Factual and Procedural Background

Columbia brought a declaratory judgment action seeking the removal of three structures located on the property of Aaron Ott ("Ott"). The property is subject to two Right of Way Agreements (the "ROW Agreements"), which created, together, a 70-foot easement (the "Easement").[1] Compl. ¶¶ 13, 25. (ECF No. 1.)

---

[1] The first ROW Agreement created a 15-foot easement and the second created a 55-foot easement. Compl. ¶ 11. The structures

Columbia, a public utility, alleges the structures--a fence, an aboveground pool, and a shed--inhibit its ability to "safely maintain and operate" two natural gas transmission pipelines located in the Easement. Compl. ¶¶ 18, 25.

Columbia brought this action on March 30, 2012, after "repeated[] request[s] that Ott agree to the removal of the [structures]." Compl. ¶ 22. Ott filed his Answer to Complaint and Counterclaim on October 25, 2012, and filed an Amended Counterclaim on November 8, 2012. (ECF Nos. 13 & 14.) Ott's counterclaim for inverse condemnation relies on Article I, Section II of the Constitution of Virginia and Virginia's statutory provision affording property owners a procedure to obtain compensation for governmental takings, Va. Code § 8.01-187. Ott contends that Columbia's claim of a right "to prohibit and/or exclude all structures" in the area subject to the Easement is a "taking of private property rights" for which Ott has not been justly compensated. Am. Countercl. ¶¶ 3, 7; Def.'s Mem. Opp'n. Mot. Dismiss at 3.

On November 21, 2012, Columbia filed the instant Motion to Dismiss Ott's Amended Counterclaim and accompanying Memorandum in Support. (ECF Nos. 15 & 16.) Ott filed a Memorandum in Opposition to the Motion to Dismiss on December 5, 2012, to

---

of concern are located on the area of the property subject to the second ROW Agreement. Id.

which Columbia replied on December 12, 2012. (ECF Nos. 17 & 18.) Therefore, having been fully briefed, this matter is ripe for review.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions . . . . [A] formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly and Iqbal, offered guidance

to courts evaluating motions to dismiss:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the pleading party. Venkatraman v. REI Sys., 417 F.3d 418, 420 (4th Cir. 2005). Overall, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III. Analysis

Columbia advances two related arguments to support its Motion to Dismiss Ott's counterclaim for inverse condemnation: 1) Ott fails to allege a taking; and 2) Columbia does not seek a taking. Mem. Supp. Mot. Dismiss at 2. For the reasons discussed below, both arguments fail.

#### 1. Allegation of a Taking

Columbia contends that because Ott's structures remain in the Easement, the Amended Counterclaim describes no action that

4

amounts to a taking. Mem. Supp. Mot. Dismiss at 5. Under Virginia law,[2]

> an inverse condemnation action is a specific type of proceeding based on a constitutionally created right connected to the "taking" or "damaging" of property by the government [or others authorized to exercise the Commonwealth's power of eminent domain]. To take or damage property in the constitutional sense does not require that the sovereign actually invade or disturb the property. . . . Thus, an action for inverse condemnation is an action seeking redress for the government's action in limiting property rights the landowner holds.

Richmeade, L.P. v. City of Richmond, 594 S.E.2d 606, 609 (Va. 2004) (internal citations omitted). Recently the Virginia Supreme Court found that a claim of inverse condemnation must allege a taking of or damage to property, or, relevant for our purposes, an "interference with a property right." Byler v. Va. Elec. & Power Co., 731 S.E.2d 916, 920 (Va. 2012); Richmeade, 594 S.E.2d at 609 ("[T]he act giving rise to the [claim of inverse condemnation] is not an act aimed at the property, but rather an act that limits the landowner's ability to exercise his property rights without paying the landowner for that limitation.").

---

[2] A federal court sitting in diversity applies the substantive law of the forum state, including the state's choice-of-law rules. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79 (1938); Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F. 3d 270, 275 (4th Cir. 2007). Virginia law applies here because Virginia law governs a dispute relating to real property located in the Commonwealth. Lee v. Zom Clarendon, L.P., 689 F. Supp. 2d 814, 819 (E.D. Va. 2010).

Ott alleges that "[t]he enforcement of the claimed easement rights as alleged by [Columbia] would constitute a physical interference with [his] private property[.]" Def.'s Mem. Opp. Mot. Dismiss at 3. The claim follows from Ott's factual assertions that 1) Columbia has not already obtained the rights it alleges; and 2) Ott has not been compensated for the diminution in property value associated with the claimed rights. Am. Countercl. ¶¶ 5, 7. These allegations, which, under Iqbal, are entitled to an assumption of veracity, may plausibly establish that Columbia, in bringing an action for declaratory judgment and injunctive relief, has acted to "limit[] property rights the landowner holds." Richmeade, 594 S.E.2d at 609; see Iqbal, 129 S. Ct. at 1950.

Additionally, Columbia acknowledges in its Complaint that its repeated requests that Ott remove the structures were unsuccessful. Compl. ¶ 22. Assuming the facts Ott alleges as true, this attempted interference with his property rights could be viewed as an attempted taking of Ott's property without just compensation. The fact that Columbia has not yet acted to remove the structures is not dispositive for the court's analysis of the Motion to Dismiss. To hold otherwise would be to require that, prior to seeking relief from the court, an inverse condemnation claimant must have acquiesced to the taking. In fact, the resolution of Columbia's rights pursuant to the ROW

Agreements and Ott's assertion that he is entitled to just compensation are two sides of the same coin.³ Accordingly, Ott has alleged enough in his counterclaim for the court to find the claim plausible at this stage, when assuming the facts alleged as true.

## 2. Characterization of Columbia's Actions

Columbia urges the court to dismiss Ott's counterclaim because Columbia "only seeks clarification of the rights it already possesses," and the relief Columbia seeks would not result in a taking. Mem. Supp. Mot. Dismiss at 2. To bolster this claim, Columbia offers legal arguments regarding the scope of the Easement. Id. at 6-7. Columbia's characterization of its own actions as "not a taking" does not affect whether Ott has stated sufficient factual allegations "to give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.⁴ Accordingly,

---

³ In an analogous case in which Columbia Gas Transmission Corporation sought declaratory and injunctive relief under state and federal law regarding the scope of an easement, the Fourth Circuit deemed the defendant's counterclaim that the easement would result in an unconstitutional taking "to be a compulsory counterclaim under Federal Rule of Civil Procedure 13(a)." Columbia Gas Transmission Corp. v. Drain, 191 F.3d 552 (4th Cir. 1999). Although the court need not address whether Ott's counterclaim is compulsory, Drain illustrates the logical link between the claim and the allegation of a taking. Moreover, the resolution of Columbia's claims regarding interpretation of the easement language and Ott's counterclaim for inverse condemnation furthers judicial economy.

⁴ Indeed, at the heart of Columbia's argument is the notion that it need not initiate condemnation proceedings because it already

Columbia's arguments are premature, and the issue is inappropriate for resolution at this early juncture.

## IV. Conclusion

For the reasons set forth above, Columbia's Motion to Dismiss the Counterclaim is **DENIED**. The matters raised in Columbia's Complaint for declaratory judgment and in Ott's Counterclaim are so intertwined as to require resolution together; resolution of one issue may control resolution of another issue. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

January 2, 2013

---

holds the claimed easement rights. To the contrary, Ott's inverse condemnation action seeks compensation "even though no formal exercise of the power of eminent domain has been attempted by the taking agency." United States v. Clarke, 445 U.S. 253, 257 (1980) (citing Donald Hagman, Urban Planning and Land Development Control Law 328 (1971)).

8